STATE OF HAWAII, Plaintiff-Appellee, *v.* SHARON YEE and
FAYE BENSON, Defendants-Appellants

NO. 7877

D.C. NOS. C1980-127, C1980-1129
& C1980-1091

JUNE 30, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a conviction of criminal
trespass on commercial premises. We reverse.

Appellants had been given a written warning by the Pacific
Beach Hotel, owner of the commercial premises upon which the
arrest occurred, not to return to the premises. It seems agreed by the
parties that appellants were prostitutes arrested in the corridor
outside hotel guests' rooms. Having proved the warning and the
arrest on the premises, the prosecution would have proved its case
but for the fact that the hotel's representatives testified that, con-
trary to the written warning, appellants were, in fact, permitted to
come on the premises if they were invited by a guest.

The State asserts that the burden was on the appellants to con-
vince the court that they were invited by guests of the hotel. We
disagree. Under the statute, the State had the burden of proving that
appellants entered or remained unlawfully on the premises in ques-
tion. Section 708-814(c), Hawaii Revised Statutes, as amended. By
the testimony of the hotel's own personnel, appellants were not
unlawfully on the premises if they were invited by guests. The State

did not prove that the appellants were not invited upon the premises by guests of the hotel. The burden in a criminal case is upon the State to prove every essential element of its case. It did not prove that appellants were unlawfully on the premises at the times in question. Accordingly, the conviction is reversed.

*Winston Mirikitani (Mirikitani* and *Tongg* of counsel) for defendants-appellants.

*John D. Yamane,* Deputy Prosecuting Attorney, for plaintiff-appellee.